Case Number: PC-2020-05776
Filed in Providence/Bristol County Superior Court
Submitted: 8/14/2020 5:42 PM
Envelope: 2705180
Reviewer: Rachel L.

STATE OF RHODE ISLAND					SUPERIOR COURT
PROVIDENCE SC

| | |
|---|---|
| Delia Donato; Richard Donato; MD Capital LLC Corporate Entity And Jane/ John Doe Corporation | : : : : : |
| v. | : : C.A. P 2020- |
| Town of Scituate, a Municipal Corporation; Theodore Przybyla, As Treasurer, the Scituate Plan Commission and its individual Members: Jeffrey Hanson, William Jasparro, George Mitola, Nicholas Piampiano, Richard Pincince, David Provonsil and Gene Allen | : : : : : : : : : |

## COMPLAINT

1. This action is the result of the unlawful, illegal, and unconstitutional taking of the Plaintiffs' money and real estate by the Town of Scituate RI.

2. Plaintiffs, Delia and Richard Donato, are domiciled residents of the State of Massachusetts.

Case Number: PC-2020-05776
Filed in Providence/Bristol County Superior Court
Submitted: 8/14/2020 5:42 PM
Envelope: 2705180
Reviewer: Rachel L.

3. Plaintiff, MD Capital LLC is a limited liability company with its principal place of business being in Norton Massachusetts 02766

4. Plaintiffs own a residential real estate development in the Town of Scituate, a municipal corporation and a political subdivision of the State of Rhode Island. Plaintiffs were operating under the company name MD Capital LLC

5. Said residential real estate development is located off of Nipmuc Road, more specifically identified as PLAT 50, LOT 2, within the Town of Scituate RI; Carriage Hill Crossing a.k.a NIPMUC III

6. The legal and governing authority for the Town of Scituate in this particular and specific matter was the Scituate Plan Commission, a duly appointed municipal board and/or commission

7. Defendant Town of Scituate and it's Scituate Plan Commission are being sued in their municipal capacity

8. Per RIGL, Defendant, Town of Scituate Treasurer Theodore Przybyla is named as a party defendant in his official capacity as Treasurer;

9. Defendants Scituate Plan Board and its individual members: Defendants Jeffrey Hanson, William Jasparro, George Mitola, Nicholas Piampiano, Richard Pincince, David Provonsil and Gene Allen are being sued in their official capacities, as appointed members of said board

10. Scituate Plan Commission forced Plaintiffs to pay $85,082.50 (Eighty-five thousand, eighty-two dollars and fifty cents) to the Town for approvals towards the residential real estate project **and, in addition**, are forcing the Plaintiffs to deed over real estate, from the same project, as open space.

Case Number: PC-2020-05776
Filed in Providence/Bristol County Superior Court
Submitted: 8/14/2020 5:42 PM
Envelope: 2705180
Reviewer: Rachel L.

Case 1:20-cv-00532-MSM-PAS   Document 1-1   Filed 12/22/20   Page 3 of 5 PageID #: 6

11. Said check was tendered on or about the 20th day of April 2018 by MD Capital LLC to the Town of Scituate (EXHIBIT 1)

12. Legal Authorities violated by the Defendants

    **US and RI CONSTITUTIONS**

    **1. Fifth Amendment**

    'no person shall be ... deprived of life liberty or property, without due process of law, nor shall private property be taken for public use *without just compensation*

    **Rhode Island General Laws**

    **1. Rhode Island Comprehensive Planning and Land Use Regulation Act (RIGL 45-22-2)**

    **Scituate Ordinances**

    **1. Subdivision and Land Regulation Regulations Town of Scituate RI (as amended May 15, 2012)**

    **(f) Dedication of land for public purposes**

    **(1) The Plan Commission shall require all land developments and subdivisions subject to the provisions of these regulations to dedicate Seven (7) percent of the land being subdivided**

Case Number: PC-2020-05776
Filed in Providence/Bristol County Superior Court
Submitted: 8/14/2020 5:42 PM
Envelope: 2705180
Reviewer: Rachel L.

Case 1:20-cv-00532-MSM-PAS   Document 1-1   Filed 12/22/20   Page 4 of 5 PageID #: 7

>     for the purpose of providing open space, park
>     and recreational facilities to serve present and
>     future residents of the proposed land
>     development or subdivision. The Plan Commission
>     may, in its discretion require the
>     payment of a fee-in-lieu of land dedication, or
>     a combination of land dedication and payment of a
>     fee, *as an alternate* to the dedication of land

> **2. Town of Scituate Comprehensive Plan (July 2004)**

13. Defendants, by and through their elected and appointed boards, councils, and commissions completely misinterpreted and unlawfully charged the Plaintiffs two separate and distinct payments: One the payment-in-lieu fee in the amount of $85,082.50 and Two the Dedication of Land for Public Purposes in the amount of 44 (forty-four) acres of real estate.

14. This constitutes an illegal and unlawful taking without just compensation. By attempting to address a regulatory taking, the Defendants actually took the Plaintiff's property by eminent domain without any just compensation and by violating the Plaintiffs' due process rights.

15. Plaintiffs are aggrieved by the decision of the Scituate Plan Commission of August 15, 2017

16. Any adoption of a planning or zoning regulations or ordinances to advance the protection of open space for recreational and other purposes via "flexible zoning" cannot be stand-alone and must be read in concert with the existing local ordinances that clearly spell out its either a dedication of land or a payment-in-lieu of fee. The Defendants

Case Number: PC-2020-05776
Filed in Providence/Bristol County Superior Court
Submitted: 8/14/2020 5:42 PM
Envelope: 2705180
Reviewer: Rachel L.

Case 1:20-cv-00532-MSM-PAS   Document 1-1   Filed 12/22/20   Page 5 of 5 PageID #: 8

cannot double down on this type of residential real estate development without justifiable and legal compensation to the Plaintiffs.

17. Defendants illegally, unlawfully and unconstitutionally deprived the Plaintiffs of their rights to due process, procedurally and substantively and forced Plaintiffs to part with both their money and land in order to develop a residential real estate project.

18. The regulation adopted by the Defendants goes against public policy.

WHEREFORE, your Plaintiffs respectfully pray and request that this Honorable Court review the applicable law and award to your Plaintiffs: the granting of their complaint, judgment in this litigation and all statutory and equitable damages, interest on same and reasonable attorneys' fees and costs for the litigation of this matter. In addition, the Plaintiffs are seeking reimbursement of the original payment-in-lieu-of fee in the amount of $79,625.00, which was amended to $85,082.50, along with all statutory interest.

/s/ Timothy A. Williamson
Timothy A. Williamson, Esq. (4173)
Williamson Law
247 Quaker Lane
West Warwick RI 02893
401-615-9321
Tawilliamsonlaw@gmail.com