# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DELIA DONATO, RICHARD DONATO, MD CAPITAL LLC CORPORATE ENTITY and JANE/JOHN DOE CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOWN OF SCITUATE, a Municipal Corporation, THEODORE PRZBYLA, as Treasurer, THE SCITUATE PLAN COMMISSION and ITS INDIVIDUAL MEMBERS: JEFFREY HANSON, WILLIAM JASPARRO, GEORGE MITOLA, NICHOLAS PIAMPIANO, RICHARD PINCINE, DAVID PROVONSIL, and GENE ALLEN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 1:20-cv-00532-MSM-PAS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

### I.    BACKGROUND

This matter brings to federal court a long running municipal land use process dating back to 2007.  Involved is a residential real estate development owned by the plaintiff, MD Capital, LLC, and located off Nipmuc Road in Scituate, Rhode Island. This subdivision, known as Nipmuc III, was initially proposed by David Annese of Annese Construction, Inc., who shepherded the subdivision plan through the Town of Scituate's approval process until MD Capital acquired the property in December

1

2016.

The Town allows for "flexible zoning," an option provided in the Comprehensive Plan and codified in the Town's Zoning Ordinances. *See* Town of Scituate, R.I. Comp. Plan, § D-3.1.3; Code of Ordinances, App'x A, Art. IV § 12. Flexible zoning is a voluntary option a developer may choose, allowing the developer to deviate from certain zoning requirements. In exchange the Town receives land set aside for public use. *See* Code of Ordinances, App'x A., Art. IV § 12(F). This is intended to advance the Town's interest in preserving its rural character and protecting its natural environment. *See* Comp. Plan § D-3.1.3. But for all subdivisions—not just those seeking the flexible zoning option—the Town ordinances also require dedication of land for public purposes. Code of Ordinances, Ch. 14, Art. II § 14-28(f)(1)-(2). The Town's Plan Commission, however, has discretion to instead require the payment of a fee-in-lieu of land dedication. *Id.*

It appears from the record that Mr. Annese chose flexible zoning at the preapplication stage. (ECF No. 25 at 10.) The plan was approved at the master plan stage and included 46 acres of open space to be deeded to the Town. *Id.* at 32-33. The application then proceeded through the preliminary plan stage and the final plan stage during which the Plan Commission determined that the plaintiffs must both dedicate land to the Town and pay the fee-in-lieu of land dedication. *Id.* at 61. The Plan Commission approved the plaintiffs' final plan on August 15, 2017, and the plaintiffs paid the fee-in-lieu of land dedication on April 20, 2018. *Id.* at 65, 69.

The plaintiffs received a cease-and-desist notice from the Town's Planning

Administrative Officer, dated July 21, 2021, asserting that the plaintiffs had not deeded to the Town land as a requirement of the flexible zoning regulations or the "buffer area and easements," which were a condition of approval. (ECF No. 16-1 at 118.)

The plaintiffs filed suit in Rhode Island Superior Court, alleging violation of their due process rights; violation of the Takings Clauses of the United State and Rhode Island Constitutions; and violation of state and local laws, including the Rhode Island Comprehensive Planning and Land Use Regulation Act and the Town of Scituate's Code of Ordinances and Comprehensive Plan. The defendants removed the matter to this Court on the grounds of federal question jurisdiction, pursuant to 28 U.S.C. § 1441. (ECF No. 1.)

The Court will include further relevant facts as necessary, below.

## II.    DISCUSSION

Presently before the Court is the defendants' Motion for Summary Judgment on the entirety of the plaintiffs' Complaint. (ECF No. 24.) Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug. Inc.,* 895 F.2d 46, 50 (1st Cir. 1990). Summary judgment can be granted only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

The plaintiffs asserted in their Complaint that the requirement that they

dedicate land to the Town *and* pay a fee-in-lieu of land dedication for the same

development project violated state law and local ordinances, constituted a taking

without just compensation, and violated their right to due process.  In response to the

instant motion, however, the plaintiffs shift and now argue that, individually, the

imposition of the fee-in-lieu and land dedication requirements violated local, state,

and federal law.

### A. Takings Claim

The plaintiffs assert that the Town's requirement of the open space dedication

was an unconstitutional taking in violation of the Takings Clause of the Fifth

Amendment to the United States Constitution, made applicable to the states by the

Fourteenth Amendment.[1]  As noted, the open space dedication is a requirement of

the flexible zoning option provided in the Comprehensive Plan and codified in the

Town's Zoning Ordinances.  *See* Town of Scituate, R.I. Comp. Plan, § D-3.13; Code of

Ordinances, App'x A, Art. IV § 12.    The plaintiffs do not challenge the

constitutionality of the ordinance but instead argue that the Town's Plan Commission

did not properly make findings of fact "that the land is being dedicated for the specific

purposes included in the Scituate Ordinances" and otherwise "failed to implement

the ordinance as intended."  (ECF No. 28 at 15.)  But a "municipality's violation of

state law, without more, is insufficient to pass as a violation of the federal

---

[1] Although not mentioned in their Complaint, which was filed in state superior court under that court's pleading standard, the plaintiffs have since specified that they bring their federal constitutional claims pursuant to 42 U.S.C. § 1983.  (ECF No. 28 at 13-14.)

Constitution." *So. Cty. Sand & Gravel Co., Inc., v. Town of So. Kingstown*, 160 F.3d 834, 839 (1st Cir. 1998). An examination of the plaintiffs' arguments leads inexorably to the conclusion that the takings claim is, at best, a claim for violation of state or local law and not one that implicates the federal Constitution.

As such, the Court grants the defendants' Motion on the takings claim.

## B. Substantive Due Process

Substantive due process, a doctrine derived from the due process clause of the Fourteenth Amendment, operates "to protect individuals from particularly offensive actions on the part of government officials." *Gonzalez-Droz v. Gonzalez-Colon*, 660 F.3d 1, 15-16 (1st Cir. 2011). The bar for stating a claim for a due process violation in a land use dispute is "a high one indeed." *Licari v. Ferruzzi*, 22 F.3d 344, 350 (1st Cir. 1994). This is a "rigorous" standard, reserved for "truly horrendous situations," because a "lesser standard would run the unacceptable risk of 'insinuat[ing] the oversight and discretion of federal judges into areas traditionally reserved for state and local tribunals.'" *Pagán v. Calderón*, 448 F.3d 16, 33 (1st Cir. 2006) (quoting *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 45 (1st Cir. 1992)). "[E]ven the outright violation of state law by local officials 'is a matter primarily of concern to the state and does not implicate the Constitution'—absent 'fundamental procedural irregularity, racial animus, or the like.'" *Roy v. City of Augusta*, 712 F.2d 1517, 1523 (1st Cir. 1983) (quoting *Creative Env'ts Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir. 1982)). Indeed, the First Circuit has held, "with a regularity bordering on the monotonous, that the substantive due process doctrine may not, in the

ordinary course, be invoked to challenge discretionary permitting or licensing determinations of state or local decisionmakers, whether those decisions are right or wrong." *Pagán*, 448 F.3d at 33.

The plaintiffs claim that the defendants violated their right to substantive due process by requiring the open-space dedication because the Plan Commission "failed to implement the ordinance as intended." (ECF No. 28 at 15.) The plaintiffs argue that there was no way that the Plan Commission could have imposed the land dedication requirement in accordance with Section 14-28 of the Town's subdivision regulations and Article IV, Section 12(f) of the Town's zoning ordinance. *Id.* This, again, is an allegation of a violation of local law that does not give rise to a constitutional claim. *See So. Cty. Sand & Gravel Co.*, 160 F.3d at 839. The same can be said for the plaintiffs' claim regarding the fee-in-lieu requirement or the purported inclusion of "comments" as conditions in the plan approval: the defendants failed to properly apply local law. (ECF No. 28 at 16-17).

Next the plaintiffs argue that, along with the open space dedication requirement, the Plan Commission, in the final plan decision, violated their substantive due process rights when it required them to deed additional land to the Town for the purpose of creating a "buffer area" and "easements" for a fire access road. *Id.* at 17-18. The Final Plan decision, however, makes no mention of easements or fire access roads. (ECF No. 28-19.) As such, there is no evidence to support the plaintiffs' contention that the Town required the plaintiffs to deed property for this purpose in the approval process. The tree buffer is mentioned, but the Final Plan

6

indicates that this is not a separate dedication but is within the land otherwise set to be the open space dedication.[2] *Id.*

But, in the July 21, 2021, cease-and-desist notice it sent to the plaintiffs, the Town asserts that "the buffer area and easements directly associated with the subdivision have **not** been deeded to the town, which was a condition of approval." (ECF No. 16-1 at 118 (emphasis in original).)  To the extent that the Town was incorrect that such a transfer was required, and this subsequent demand of that land was erroneous, that is an error of state law, and is insufficient to establish a constitutional violation.  *See So. Cty. Sand & Gravel*, 160 F.3d at 839.  The defendants' actions, even if contrary to state law, simply is not the type of "truly horrendous" situation that meets the "rigorous" standard needed to invoke the doctrine of substantive due process in this land use dispute.  *See Pagán*, 448 F.3d at 33; *Licari*, 22 F.3d at 350.  The Court therefore grants the defendants' Motion with respect to the substantive due process claims.

## C. Procedural Due Process

"Procedural due process guarantees that a state proceeding which results in a deprivation of property is fair ...." *Licari*, 22 F.3d at 347.  To establish a procedural due process claim, a plaintiff must demonstrate "[1] 'a property interest as defined by state law' and [2] that the defendants deprived [it] of this property interest without constitutionally adequate process." *García-Rubiera v. Fortuño*, 665 F.3d 261, 270 (1st

---

[2] Moreover, the plaintiffs agreed to a tree buffer at the hearing that resulted in final plan approval.  (ECF No. 25 at 64.)

Cir. 2011) (quoting *SFW Arecibo, Ltd. v. Rodriguez*, 415 F.3d 135, 139 (1st Cir. 2005)).

The plaintiffs first argue that the Town denied their right to procedural due process because the Plan Commission failed to timely record its decisions on the various plan stages within the twenty days required by R.I.G.L. § 45-23-67(a). Indeed, throughout the process, the Plan Commission did not record its decisions for months or even years after each ruling. The plaintiffs claim that this deprived them of their right to appeal any of the Plan Commission's decisions because it rendered them unable to determine when the time to appeal began to toll. The Court finds this unpersuasive to establish a procedural due process violation because the plaintiffs did not lose their right to appeal once the decisions were recorded and the plaintiffs have not identified any other way that they were aggrieved by this failure to timely record. Indeed, once the decisions were recorded, Rhode Island law affords an adequate process to challenge the timing of the Plan Commission's recording. *See* R.I.G.L. § 45-23-67(a).

The plaintiffs next assert that they were not afforded pre-deprivation process before the issuance of the cease-and-desist notice. Each of the items mentioned in the notice (buffer area, easements, land dedication), however, was addressed at different points in the various hearings held by the Plan Commission. The plaintiffs therefore did have an opportunity to be heard on these items and did not, from the Town's view, comply with the Plan Commission's decisions. To the extent that the Town was incorrect about what it decided, state law provides the plaintiffs with adequate post-deprivation procedure to appeal. *See* R.I.G.L. § 45-23-67.

The plaintiffs therefore cannot sustain their procedural due process claims.

### D. State-Law Claims

Having disposed of the plaintiffs' federal claims, what remains are their state-law claims. "A federal court exercising original jurisdiction over federal claims also has 'supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) (quoting 28 U.S.C. § 1367(a)). When a case has been removed to federal court and the federal claim is disposed of before trial, it is within this Court's discretion to decide whether to keep the remaining state-law claims or remand them. 28 U.S.C. § 1367(c). "'In making these decisions, district courts must examine the totality of circumstances,' including considerations of 'comity, judicial economy, convenience, fairness and the like.'" *Legion Ins. Co. v. Family Serv., Inc.*, 561 F. Supp. 2d 232, 239 (D.R.I. 2008) (quoting *Che v. Mass. Bay Transp. Auth.*, 342 F.3d 31, 37 (1st Cir. 2003)). However, "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation." *Camelio*, 137 F.3d at 672 (citing *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995)).

This case is a zoning dispute. As noted by the defendants, who removed this case to this Court, federal courts "do not sit as super zoning boards." *See Raskiewicz v. New Boston*, 754 F.2d 38, 44 (1st Cir. 1985). Land use disputes such as this one,

inherently local in nature, are best resolved by state and local tribunals.  In the interest of comity and a lack of independent jurisdiction, the Court will decline jurisdiction over the plaintiffs' state- and local-law claims and remand them to the state court where the plaintiffs had chosen to bring them.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS the defendants' Motion for Summary Judgment (ECF No. 24) on the plaintiffs' federal claims but as to the state and local claims the Court declines to exercise supplemental jurisdiction and REMANDS the matter to the to the Rhode Island Superior Court sitting in Providence, for the counties of Providence and Bristol.


IT IS SO ORDERED.

_____

Mary S. McElroy
United States District Judge
November 15, 2023